UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 19-cv-21931

VASILA QUEEN,

    Petitioner,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Respondent.

_____

**Underlying Case:**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Underlying Case No: 1:18-cv-00289-ILG-ST

STATE FARM MUTUAL
AUTOMOBILE INS. CO. *et al.*,
    Plaintiffs,
v.

JULES PARISIEN, M.D., *et al.*,
    Defendants.
_____/

**PETITIONER VASILA QUEEN'S MOTION TO QUASH NON-PARTY SUBPOENAS ISSUED BY RESPONDENT STATE FARM AUTOMOBILE INSURANCE COMPANY**

COMES NOW, Petitioner VASILA QUEEN ("Queen"), through counsel, and hereby moves this court, pursuant to Rule 45(d)(3)(A)(iv), Fed. R. Civ. P., for an order quashing non-party subpoenas issued by Respondent STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm") and served on Petitioner Queen.

**FACTUAL BACKGROUND**

1.    This is a petition to quash non-party subpoenas that were issued in *State Farm Mutual Automobile Ins. Co.,* et al. *v. Parisien* et al., No. 1:18-cv-00289-ILG-ST ("Underlying

Case"), a civil RICO action which is currently pending in the United Stated District Court for the Eastern District of New York.

2. Petitioner Queen is a sui juris individual who currently resides and regularly does business in Miami-Dade County, Florida and who has not been named as a party or trial-witness in the Underlying Case.

3. In the Underlying Case, State Farm alleges a fraud-derived racketeering enterprise, composed of physicians, chiropractors, medical service providers, acupuncture therapists and other therapists – who allegedly submitted bills to State Farm for treatments to automobile accident claimants that, as State Farm alleges, were medically unnecessary, ineligible for reimbursement and/or never occurred. *See* Underlying Case, Docket No. 5 (State Farm's Amended Complaint).

4. State Farm alleges that this racketeering enterprise involved a number of health care professionals operating out of offices located at 1786 Flatbush Avenue in Brooklyn, New York ("Flatbush Offices"). *See id.*

5. Whether through discovery or through its own private investigation (which on information and belief has involved the examination of the bank records of one or more of the defendants in the Underlying Case ("Flatbush Defendants")), State Farm has learned that, during the alleged racketeering conspiracy period, Petitioner Queen happened to operate a beauty salon – and, further, that Ms. Queen, during the same period, had apparently been involved in transactions with one or more of the Flatbush Defendants. What is not clear is whether State Farm has any objective basis for the idea that any of Ms. Queen's apparent transactions with any of the Flatbush Defendants had anything to do with State Farm's medical billing claims. This is important here, since Ms. Queen has never provided health care services in the medical industry

and therefore cannot have had any obvious involvement in an insurance scam that was based on billing auto insurance companies for medical treatments.

6. On May 7, 2019, State Farm served two non-party subpoenas on Ms. Queen. The first subpoena commands that Ms. Queen testify at a deposition to be conducted in Miami-Dade County on May 30, 2019. A copy of this deposition subpoena is attached as **Exhibit 1**. The second subpoena commands that Ms. Queen produce – within fourteen (14) days after the service date – the following materials from a period beginning January 1, 2012 and ending at the present:

1. All Documents reflecting or relating to the transactions identified on the chart attached hereto as Exhibit 1, including but not limited to any contracts, communications, documents reflecting services performed, checks, wires, electronic funds transfers, receipts, deposit slips, bank statements, or Form 1099s.

2. All documents reflecting or relating to payments made to or received from Tatiana Rybak or any person or entity acting on her behalf.

3. All Communications with Tatiana Rybak or any person or entity acting on her behalf.

4. All Documents reflecting or relating contractual relationships, financial arrangements, and/or business relationships with Tatiana Rybak or any person or entity acting on her behalf.

5. All Documents reflecting or relating to payments made to or received from any of the Defendants.

6. All Communications involving any of the Defendants.

7. All Documents reflecting contractual relationships, financial arrangements, and/or other business relationships with any of the Defendants.

8. All Documents reflecting or relating to any services You provided for any of the Defendants.

9. All Documents reflecting or relating to payments made to or received from any person or entity concerning activity at 1786 Flatbush Avenue, Brooklyn, New York.

      10.      All Communications concerning activity at 1786 Flatbush Avenue, Brooklyn, New York.

      11.      All Documents reflecting contractual relationships, financial arrangements, and/or other business relationships concerning activity at 1786 Flatbush Avenue, Brooklyn, New York.

A copy of this subpoena duces tecum (which includes an internal exhibit listing several transactions apparently involving one or more of the Flatbush Defendants) is attached hereto as **Exhibit 2**.

      7.      Petitioner Queen is filing this motion because she believes that the bare fact that Ms. Queen may have had some kind of transactional relationship with one or more of the Flatbush Defendants – is simply not enough, standing alone, to justify an involuntary investigation of Ms. Queen in connection with State Farm's RICO case.

      8.      Prior to filing this motion, the undersigned conferred with counsel for State Farm in an effort to determine the basis for State Farm's belief or understanding that Ms. Queen's apparent transactions with one or more Flatbush Defendants were related to any kind of medical billing conspiracy.  Instead of providing the undersigned with an objective basis for the idea that Ms. Queen was connected to the alleged Flatbush medical billing scam, counsel for State Farm simply responded that the mere accident that Ms. Queen had transactions with one or more of the Flatbush Defendants is enough to satisfy the applicable relevancy standards.

      9.      Ms. Queen is filing this motion because she disagrees.  Nothing in Ms. Queen's professional or business background suggests a connection to any kind of medical services business.  And if Ms. Queen has had transactional relationships with people who happen to be involved in the medical services industry (and even if they appear to State Farm to be suspicious transactions), this does not and cannot constitute an objective basis for believing that these relationships are related to State Farm's medical billing claims.

10. In other words, what State Farm has is a hunch. State Farm notices that one or more of the Flatbush Defendants has had transactional dealings with the operator of a beauty salon, and – without knowing the nature of these transactions – State Farm wants a "free peek" at Ms. Queen's personal information and a "free interrogation" of Ms. Queen to see if these transaction have anything to do with the medical billing scheme at issue. This is not because State Farm has any objective basis for believing that Ms. Queen was actually involved in any medical billing conspiracy, but rather "just in case" State Farm might get lucky and find something that helps them with their civil RICO case.

11. Under these circumstances, forcing Ms. Queen to submit to a deposition and forcing her to provide extensive documents, records and correspondence are inappropriate and fall short of the relevancy standards that guide civil discovery – which are incorporated into Rule 45, Fed. R. Civ. P. Accordingly, Ms. Queen now moves this Court to issue an order quashing the two subpoenas State Farm served on Ms. Queen on May 7, 2019.

12. In compliance with local rules, the undersigned has communicated with counsel for State Farm, in an effort to resolve the subject matter of this motion without the need for litigation, and determined that this motion is opposed.

## ARGUMENT

**A.  Jurisdiction and Standard of Review**

13. This Court's jurisdiction derives from the federal question and diversity jurisdiction that the United Stated District Court for the Eastern District of New York has over the underlying case – which not only involves RICO claims, but state law claims as well. This is because: (a) the subpoenas at issue command compliance in Miami-Dade and Boca Raton Counties, which are both located in the Southern District of Florida; and (b) the applicable

federal rule specifically provides that, when a subpoena subjects a person to undue burden (as Ms. Queen argues here), "the court for the district where compliance is required must quash or modify [the] subpoena." Rule 45(d)(3)(A), Fed. R. Civ. P.

14. The determination of issues of burden and reasonableness under Rule 45 are committed to the sound discretion of the district court. *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788 (D.C. Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984); *Kaufman v. Edelstein*, 539 F.2d 811, 822 (2d Cir. 1976).

**B.   Both of the subpoenas that State Farm served on Petitioner Queen on May 7, 2019 subject Ms. Queen to undue burden.**

15. A subpoena that seeks "irrelevant information" is considered to be an "undue burden" under Rule 45(d)(3)(A). *See, e.g., American Federation of State, County and Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 476 (S.D. Fla. 2011). Here, it may be noted that Rule 45 adopts the standard codified in Rule 26, which allows for the discovery of any matter "not privileged, that is relevant to the claim or defense of any party." *Schaaf v. Smith-Kline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D. N.C. 2005) (quoting Rule 26(b)(1)) (emphasis supplied).

16. The Eleventh Circuit has noted that "relevant" in Rule 26(b)(1) means information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Exist, Inc. v. E.S.Y., Inc.*, 2015 WL 926003, at *1 (S.D. Fla. 2015) (quoting *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)); *see also Mount Hope Church v. Bash Back!*, 705 F.3d 418, 425 (9th Cir. 2012) (noting that Rule 45 incorporates the discovery guidelines set forth in Rule 26); Rule 26 Advisory Committee Notes ("Rule 26(b) … permits discovery only of matters which will be admissible in evidence or appear reasonably calculated to lead to such evidence.").

17. While the federal rules "strongly favor full discovery whenever possible," *Farnsworth*, 758 F.2d at 1547, "a district court is not, however, 'required to permit [a party] to engage in a "fishing expedition" in the hope of supporting his claim.'" *United States v. 2121 Celeste Road SW, Albuquerque, N.M.*, 307 F.R.D. 572, 582-583 (D. N.M. 2015) (quoting *McGee v. Hayes*, 43 Fed.Appx. 214, 217 (10th Cir. 2002)).

18. This is because "'[d]iscovery ... is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have <u>at least a modicum of objective support</u>.'" *Rivera v. DJO, LLC*, 2012 WL 3860744, at *1 (D. N.M., Aug. 27, 2012) (quoting *Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D. N.Y., June 21, 2002)) (emphasis supplied).

19. In other words, and importantly, "courts should not grant discovery requests based on <u>pure speculation</u> … into actions or past wrongdoing <u>not related to</u> the alleged claims or defenses." *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D. N.Y. 2004) (emphasis supplied).

20. But this is exactly what State Farm appears to be attempting with Ms. Queen here. While State Farm may find certain apparent transactions involving Ms. Queen to be suspicious (and possibly indicative of some kind of wrongdoing, or possibly not), State Farm has not articulated to Ms. Queen – even when invited to do so – any "modicum of objective support" for the idea that these transactions are actually related to a medical billing conspiracy involving State Farm.

21. So, what State Farm is left with is pure suspicion, pure speculation that the transactions apparently involving Ms. Queen are related to its medical billing claims.

22.     As the federal rules and case law make clear, such pure suspicion does not meet the standards of "objective support" that safeguard the meaning of "relevance" under Rule 26. *See Shinedling v. Sunbeam Products Inc.*, 2014 WL 12600964, at *2 (C.D. Cal., March 4, 2014) (citing *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1324 (Fed. Cir. 1990)) ("Requested discovery is not relevant to the subject matter involved in a pending action if the inquiry is only based on the requesting party's mere suspicion or speculation.").

23.     Both of State Farm's subpoenas on Ms. Queen therefore subject her to "undue burden" under Rule 45(d)(3)(A)(iv), Fed. R. Civ. P., which requires that this Court either quash or modify the subpoenas.

24.     Because there is no way to modify the subpoenas to cure State Farm's lack of "objective support" as to how any of Ms. Queen's apparent transactions with one or more of the Flatbush Defendants are <u>related to</u> State Farm's medical billing claims, this Court has no option other than to quash the two subpoenas.

## CONCLUSION

Even as Ms. Queen has invited State Farm to proffer some kind of objective basis for connecting Ms. Queen to its medical billing claims against the Flatbush Defendants, State Farm nevertheless insists on commanding her testimony and on commanding that she produce a substantial volume of documents, records and correspondence – based on what appears to be nothing more than speculation or suspicion.

However suspicious Ms. Queen's apparent transactions with one or more of the Flatbush Defendants may appear to State Farm, mere suspicion does not meet the standard for relevance under the applicable civil discovery rules.  And because no modification of language can cure this defect, its two subpoenas served on Ms. Queen on May 7, 2019 must be quashed.

WHEREFORE, Petitioner Vasila Queen respectfully requests that this Court GRANT this motion and enter an appropriate order quashing the subpoenas Respondent State Farm served on Ms. Queen on May 7, 2019.

        Respectfully submitted,

        ROGER CABRERA, P.A.
        Wells Fargo Center
        333 SE 2nd Avenue, Suite 2000
        Miami, Florida 33131
        Telephone:  (305) 823-8383
        Facsimile:  (305) 675-7970
        Email:  roger@cabrera.legal

By:  */s/ Roger Cabrera*
      ROGER CABRERA, ESQ.
      Florida Bar No. 0148740

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 13th day of May 2019, a true and correct copy of the foregoing was uploaded via the CM / ECF case filing system and separately delivered via email on Patrick C. Harrigan, Esq. (patrick.harrigan@kattenlaw.com), counsel for Respondent.

        */s/ Roger Cabrera*
        ROGER CABRERA, ESQ.